IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

ISAIAH BEN'YAHSHU BEN'ISRAEL, *

    Plaintiff *

    v. * CIVIL NO.: WDQ-11-0257

GLOBAL MANAGEMENT SOLUTIONS, *
        INC., et al., *

    Defendants. *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Isaiah Ben'Israel sued Global Management Solutions, Inc. ("GMS"), General Growth Properties ("GGP"), Roger Setzer, and David Ayre for employment discrimination. For the following reasons, GGP and Setzer's ("the defendants") motion to dismiss will be granted in part and denied in part. Ben'Israel's motion to amend will be denied without prejudice.

I.    Background[1]

From July 22, 2008 to December 1, 2008 GMS employed Ben'Israel, who is African-American, as a maintenance technician at Laurel Commons, a shopping center in Laurel, Maryland. ECF No. 1 ¶¶1, 18. GGP managed Laurel Commons.[2] Id. ¶3. In mid-

---

[1] For the motion to dismiss, the well-pled allegations in Ben'Israel's complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] The parties now agree that General Growth Management, Inc. ("GGMI") managed the mall and was Roger Setzer's employer. ECF

September, 2008, a GMS employee showed Ben'Israel an email that Setzer, a GGP employee, sent GMS's vice president Steven Gaydosz, stating that although Ben'Israel was "a good worker, honest, trustworthy, . . . I don't think [he] is 'the right face' for the mall[']s 2009 renovations," scheduled to begin on the first of the year. Id. ¶9.

On December 1, 2008, Setzer told Ben'Israel that Ayre, a GGP employee, wanted him to remove his tools from the mall by the next evening. Id. ¶13. On the same day, Gaydosz told Ben'Israel he "was tired of dealing with Laurel Mall management" and planned to terminate GMS's maintenance contract with Laurel Commons. He asked Ben'Israel to resign until he could be relocated to Macon, Georgia. Id. ¶15. Ben'Israel did not return to take his tools the next day, but on December 8 he attempted to collect them. Id. ¶16. He met a white male claiming to be "the new maintenance technician" for the mall. Id.

On January 14, 2009, the Department of Labor denied Ben'-Israel's application for unemployment benefits because he had voluntarily resigned. Id. ¶19. On August 28, 2009, Ben'Israel filed a charge against GMS with the Equal Employment Opportunity Commission ("EEOC"). Id. at 3; id. Ex. E. On November 17, 2010, the EEOC determined that there was "reasonable cause to

---

No. 11 Attach. 1 at 2 nn. 3-4; ECF No. 21 at 1. As the Court considers the sufficiency of the complaint, it will refer to GGP in reference to the allegations.

believe that [GMS had] discriminated against" Ben'Israel and forced him to resign. ECF No. 1 Ex. E at 2. On December 28, 2010, the EEOC issued a right to sue letter. ECF No. 1 at 3.

On January 28, 2011, Ben'Israel sued GMS, GGP, Setzer, and Ayre pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. 1981. *Id.* at 1. On March 24, 2011, GMS answered the complaint. ECF No. 8.

On April 22, 2011, GGP and Setzer moved to dismiss the complaint for failure to state a claim.[3] ECF No. 11. Ben'Israel did not oppose the motion.[4] On August 23, 2011, Ben'Israel moved to amend his complaint. ECF No. 21. GGP and Setzer opposed the motion to amend. ECF No. 22.

II. Discussion

    A. Motion to Dismiss

        1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of

---

[3] Ayre contends that he has not been properly served. ECF No. 18. The defendants contend that all "arguments for dismissal relating to Mr. Setzer would also apply to Mr. Ayre." ECF No. 11 Attach. 1 at 1.

[4] The Court granted two motions to extend time for Ben'Israel to respond to the motion to dismiss. ECF Nos. 17, 20.

a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Midgal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 1950. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).

The Court construes pro se complaints liberally, *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), and treats documents attached to and filed with a pro se complaint as part of the complaint, *see Baldwin v. LIJ N. Shore Health Sys.*, 392 F. Supp. 2d 479, 481 (E.D.N.Y. 2005).

    2. Title VII Claims

The defendants contend that Ben'Israel's Title VII claim against them should be dismissed because they were not his employer, Ben'Israel did not name them in his EEOC charge, and Setzer, an individual, is not covered under 42 U.S.C. § 2000e-2(a). GGP also argues that all claims against it are barred because it filed for bankruptcy protection after Ben'Israel's claim arose. ECF NO. 11 Attach. 1 at 4-7.

Under 42 U.S.C. § 2000e-2(a)(1), an "employer" may not "discharge any individual . . . because of such individual's race . . . ." This is "a basis of liability that can only be asserted against one's employer." *Church v. Md.*, 180 F. Supp. 2d 708, 752 (D. Md. 2002). Further, "Title VII does not authorize a remedy against individuals for violation of its provisions." *Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999).

Ben'Israel alleged that GMS, not GGP, was his employer when he was forced to resign. ECF No. 1 ¶1. Accordingly, Title VII does not provide a cause of action against GGP. In addition, it does not enable Ben'Israel to sue Setzer in his individual

capacity.[5] The motion to dismiss will be granted as to the Title VII claim against Setzer and GGP.

> 3.   42 U.S.C. § 1981 Claims

The defendants contend that Ben'Israel's 42 U.S.C. § 1981 claim against them must be dismissed because he has not alleged a contract with which GGP or Setzer interfered. ECF No. 11 Attach. 1 at 6. Section 1981 protects the equal right of all persons to "make and enforce contracts . . . as is enjoyed by white citizens." To state a § 1981 claim, the plaintiff must allege "purposeful, racially discriminatory actions"[6] affecting the "making . . . [or] termination of contracts."[7]

An at-will employee has a contractual relationship with his employer. *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999). Section 1981 protects against "discriminatory *interference* by a third party with the exercise of the right to make contracts." *Shirkey v. Eastwind Cmty. Dev. Corp.*, 941 F. Supp. 567, 574 (D. Md. 1996) (emphasis added) (internal quotation marks and citation omitted).

---

[5] Technically, the Court dismisses the Title VII claims against non-employers for lack of subject matter jurisdiction. *Rue v. GMAC Fin. Servs.*, No. 10-cv-0062, 2011 WL 812062 at *1 (W.D.N.C. Mar. 2, 2011).

[6] *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir. 1999).

[7] 42 U.S.C. § 1981(b).

Accordingly, that the defendants were not Ben'Israel's employer and did not have a contractual relationship with him is not a basis for dismissing his § 1981 claims against them. *See id.* Construing the complaint liberally, Ben'Israel alleges that Setzer, individually or an agent of his employer GGP, played some role in GMS's decision to terminate Ben'Israel because of his race. Ben'Israel alleged that in September, 2008, Setzer, a GGP employee, told GMS that Ben'Israel did not have "the right face" for the 2009 Laurel Commons renovations; less than three months later--one month before the renovations began--Setzer told Ben'Israel to remove his tools from Laurel Commons and Gaydosz told Ben'Israel to resign. ECF No. 1 ¶¶ 9, 13, 15.

Ben'Israel's claims rest on his belief that he was forced to resign because of his race. Setzer's email is his primary evidence of the discriminatory motive for his termination. The complaint clearly suggests that Setzer's statement that Ben'Israel was the wrong "face" for the renovations was related to his termination. Accordingly, construing the complaint to allege that Setzer, on behalf of himself or GGP, interfered with Ben'Israel's employment agreement is not a "complete rewriting," and is an appropriate understanding, of this *pro se* complaint. *See Laber*, 438 F.3d at 413 n.3. The Court will not dismiss the § 1981 claim against Setzer. However, it will dismiss the § 1981 claim against GGP because, as discussed below, Ben'Israel

concedes that GGP was not Setzer's employer and accordingly there is no indication that Setzer was acting as its agent. *See* ECF No. 21 at 1.

    B.    Motion to Amend[8]

        1.    Standard of Review

Under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or 21 days after service of a Fed. R. Civ. P. 12(b) motion. Afterwards, a party may amend only if the opposing party gives written consent, or the Court permits the amendment. Fed. R. Civ. P. 15(b). The Court will allow amendment when justice requires, and may consider such factors as prejudice to the other parties. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202-03 (3rd Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Consent will not be given if the proposed amendment is clearly futile. *Equal Rights Ctr. V. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). The Court will determine futility under the standard of Fed. R. Civ. P. 12(b)(6). *Adorno*, 443 F.3d at 126.

---

[8] The Court will construe Ben'Israel's motion as a motion for leave to amend pursuant to Fed. R. Civ. P. 15(a).

Under Local Rule 103.6(a), a party who moves for leave to amend the complaint must include the proposed amended complaint. This enables the Court to consider all proposed changes to the complaint.

2. Ben'Israel's Motion for Leave to Amend

Ben'Israel moves for leave to amend his complaint to substitute General Growth Management, Inc. ("GGMI") for GGP as a defendant because the defendants state that Setzer was an employee of GGMI, not GGP. ECF NO. 21 at 1. The defendants contend that the motion should be denied because amendment would be futile.

Ben'Israel has not provided his proposed amended complaint to the Court or the defendants. *See* ECF No. 21. Without the proposed new complaint, it is not clear whether the amendments will be futile. The Court will deny the motion for leave to amend without prejudice. It will consider a proposed amended complaint if Ben'Israel files another motion for leave to amend that includes the amended complaint.[9]

---

[9] Assuming that Ben'Israel will simply change every reference to GGP in the complaint to refer to GGMI, the amendment to the Title VII claim would be futile because GGMI was not Ben'Israel's employer. *See* ECF No. 1 ¶1 (stating Ben'Israel was employed by GMS); *Church*, 180 F. Supp. 2d at 752 (Title VII only proscribes employer behavior). For the reasons stated above, substituting GGMI for GGP in the 42 U.S.C. § 1981 claim may not be futile, if Ben'Israel is alleging that Setzer was acting as an agent for his employer when he interfered with Ben'Israel's contract rights.

## III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted in part and denied in part. Ben'-Israel's motion to amend will be denied.

_1/11/12_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge