IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 MAR 14 A 11: 29

ISAIAH BEN'YAHSHU BEN'ISRAEL,

Plaintiff,

v.

CIVIL NO.: WDQ-11-0257

GLOBAL MANAGEMENT SOLUTIONS, INC., *et al.*,

Defendants.

* * * * * * * * * * * * *

MEMORANDUM OPINION

Isaiah Ben'Israel sued Global Management Solutions, Inc. ("GMS"), General Growth Properties ("GGP"), and Roger Setzer for employment discrimination. Pending are Ben'Israel's motions to amend his complaint and for appointment of counsel. No hearing is necessary. *See* Local Rule 105.6. For the following reasons, the motion to amend will be granted in part and denied in part. The motion for appointment of counsel will be denied without prejudice.

I. Background[1]

Ben'Israel, an African-American male, was hired on July 22, 2008, by GMS as a maintenance technician at the Laurel Commons (the "Mall"). ECF No. 38-1 ¶¶ 7, 41. General Growth

[1] The facts are drawn from the proposed amended complaint, and, for the purposes of determining futility, its well-pled allegations are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

Management, Inc. ("GGMI") managed the Mall and contracted GMS to provide facilities services. *Id.* ¶¶ 7-8.

In mid-September 2008, Jose Oscar Andrade, a GMS employee, showed Ben'Israel an email that Setzer, a GGMI employee,[2] sent GMS's vice president Steven Gaydosz. *Id.* ¶¶ 9, 20, 22. The email stated that Ben'Israel was "a good worker, honest trustworthy. . . . I don't think [he] is the right face for the mall's 2009 renovations." *Id.* ¶ 23. Andrade told Ben'Israel, "I think maybe you ought to start looking for another job because I don't think [Setzer] thinks you are the right color for the job." *Id.* ¶ 22.

Ben'Israel asked Gaydosz whether there were any positions open in the Atlanta, Georgia, area. *Id.* ¶ 25. Gaydosz said that GMS "would likely have an opening" for a position in Macon, Georgia, and asked Ben'Israel if he would like to go there. *Id.* ¶ 26. Ben'Israel indicated that he would. *Id.* ¶ 27.

On December 1, 2008, Setzer told Ben'Israel that the manager of the Mall wanted him to remove his tools by the next evening. *Id.* ¶ 30. Ben'Israel informed Gaydosz, who responded that he "was tired of the Mall management officials," and

---

[2] The amended complaint alleges that Setzer was simultaneously employed by GGP and GGMI, but Ben'Israel has conceded that only GGMI was Setzer's employer. *See infra* Part II.A.3; ECF No. 67-16 at 8-9 (Court's memorandum opinion annotated by Ben'Israel).

planned to terminate GMS's maintenance contract with the Mall. *Id.* ¶ 31.

Gaydosz then asked Ben'Israel to resign until his relocation to Macon; Ben'Israel agreed. *Id.* ¶¶ 32-33. Ben'Israel did not return to get his tools the next day, but on December 8, 2012, he went to retrieve them. *Id.* ¶ 34. There, he met a white male claiming to be the "new maintenance technician" for the Mall. *Id.* ¶ 34.

Ben'Israel called Gaydosz and inquired why he asked Ben'Israel to resign and said that GMS was terminating the contract when it had not. *Id.* ¶ 35. Gaydosz refused to respond. *Id.* Ben'Israel sought unemployment benefits, but was denied because GMS claimed that he had voluntarily resigned. *Id.* ¶ 36.

On January 28, 2011, Ben'Israel sued GMS, GGP, and Setzer,[3] under Title VII of the Civil Rights Act of 1964,[4] and 42 U.S.C. § 1981. ECF No. 1. On March 24, 2011, GMS answered. ECF No. 8.

On April 22, 2011, GGP and Setzer moved to dismiss the claims against them. ECF No. 11. On May 6, 2011, Ben'Israel sought appointment of counsel. ECF No. 16. On May 12, 2011, the Court denied the motion without prejudice, noting that

---

[3] Ben'Israel also sued David Ayre, who was voluntarily dismissed. *See* ECF No. 33.

[4] 42 U.S.C. §§ 2000e *et seq.*

Ben'Israel's case was not sufficiently complex as to require an employment attorney. ECF No. 17. On August 23, 2011, Ben'Israel moved to amend his complaint, conceding that GGMI, not GGP, was Setzer's employer. ECF No. 21.

On October 5, 2011, Laurence Kaye, Esquire, appeared pro bono for Ben'Israel, "to assist [Ben'Israel] by way of amendment or other filing with the Court; and take steps to make certain that [his] case is put into a framework which will be better manageable for [him]." ECF No. 23. On January 12, 2012, the Court dismissed the claims against GGP and the Title VII claim against Setzer. ECF No. 30.

On March 26, 2012, Ben'Israel moved to amend his complaint; the proposed amended complaint realleged the § 1981 claim against GGP, and added a § 1981 claim against GGMI and a fraud claim against GMS. ECF No. 38-1. On April 12, 2012, GGP opposed the motion. ECF No. 39. On May 4, 2012, the Court stayed the pending deadlines for a settlement conference. ECF No. 46.

On June 27, 2012, Kaye withdrew his representation at Ben'Israel's request. ECF No. 50. On September 11, 2012, settlement was unsuccessful. On September 27, 2012, the Court lifted the stay. ECF No. 62.

On October 15, 2012, GMS opposed the motion to amend. ECF No. 63. On December 13, 2012, Ben'Israel replied. ECF No. 67. That day, he again sought appointment of counsel. ECF No. 66.

II. Analysis

A. Motion to Amend

1. Legal Standard

Because more than 21 days have passed since the defendants moved to dismiss and filed answers, Ben'Israel may amend his complaint only if the defendants consent or with the Court's permission. Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010). Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires. Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

2. GMS's Opposition

GMS asserts that amendment is futile because Ben'Israel's fraud claim rests on promissory misrepresentations which are not cognizable in fraud under Maryland law. ECF No. 63 at 3. Ben'Israel concedes the misrepresentation was promissory.[5]

[5] ECF No. 67 at 1 ("When plaintiff accepted the position in Macon, Georgia . . . [he] and his ex-fiance . . . acted on that

The elements of fraud are:

> (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation as made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation.

*Hoffman v. Stamper*, 867 A.2d 276, 292 (Md. 2005). "*Ordinarily* fraud cannot be predicated on statements which are promissory in their nature, and therefore an action for deceit will not lie for the unfulfillment of promises . . . ." *Appel v. Hupfield*, 84 A.2d 94, 96 (Md. 1951) (emphasis added). Rather, a contract action is appropriate. *See id.*

However "the defendant's deliberate misrepresentation of his existing intentions, whe[n] the misrepresentation was material to the transaction giving rise to the alleged fraud, may form a basis for an action in fraud." *Alleco Inc. v. Harry & Jeanette Weinberg Found., Inc.*, 665 A.2d 1038, 1048 (Md. 1995). "[M]aking a promise as to a matter material to the

---

*promise* of relocation by placing items in storage preparing to move to Macon, GA as a [S]ite Manager for Global which never came to fruition." (emphasis added))

bargain with no intention to fulfill it is an actionable fraud." *Gross v. Sussez Inc.*, 630 A.2d 1156, 1161-62 (Md. 1993).

Ben'Israel alleges that Gaydosz misrepresented that GMS intended to terminate its contract for the Mall and had a job for Ben'Israel in Macon. ECF No. 38-1 ¶¶ 26, 31, 51. GMS did not honor its promise of employment. *Id.* ¶ 35. The misrepresentation about the position was material because it was the primary subject of the promise. Accordingly, Ben'Israel may bring a fraud action against GMS. *See Gross*, 630 A.2d at 1161-62.

GMS next argues that Ben'Israel has failed to plausibly allege Gaydosz or another agent of GMS's knowledge that the promise would not be fulfilled. ECF No. 63 at 5. Under Fed. R. Civ. P. 9(b), knowledge "may be alleged generally." Further, given the circumstances of Ben'Israel's resignation and Gaydosz's refusal to communicate further, the reasonable inference is that GMS never intended to give Ben'Israel a job in Macon. *See, e.g.*, ECF No. 38-1 ¶ 35. Accordingly, Ben'Israel has alleged an action in fraud, and amendment would not be futile.

3. GGP's Opposition

GGP asserts that amendment would be futile because the Court has already dismissed the § 1981 claim against it after Ben'Israel conceded that it was not Setzer's employer. *See* ECF

Nos. 29 at 8, 39-1 at 1 n.1, 4. In his reply, Ben'Israel again concedes that GGP is not the defendant; rather GGMI, which Ben'Israel has amended the complaint to join, is Setzer's employer. *See* ECF No. 67-16 at 8-9 (Court's memorandum opinion annotated by Ben'Israel). As Ben'Israel has again conceded that GGP is not the proper defendant, amendment would be futile.[6] Accordingly, Ben'Israel's motion to amend will be granted as to GMS but denied as to GGP.

B. Appointment of Counsel

Ben'Israel again seeks appointment of counsel claiming that the case has become more complex. ECF No. 66. Counsel may be appointed when an indigent plaintiff presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id.*

---

[6] GGP also asserts that claims against it are barred because its Chapter 11 bankruptcy plan has been confirmed. ECF No. 39-1 at 5. Because Ben'Israel has conceded that GGP is not a proper defendant, the Court does not reach this argument.

As the Court noted when it first denied Ben'Israel's motion for appointment of counsel, his employment discrimination claims "do not involve complex issues for review." ECF No. 17 at 2. The added fraud claim does not add significant complexity to this case.

Further, for several months Ben'Israel had the assistance of Kaye, whom he asked to withdraw. *See* ECF No. 50. With Kaye's assistance, Ben'Israel is now well positioned to proceed with his amended complaint. There is no indication that Ben'Israel is incapable of handling this case; the original complaint survived a motion to dismiss. Accordingly, the motion will be denied without prejudice.

III. Conclusion

For the reasons stated above, the motion to amend will be granted in part and denied in part. The appointment of counsel motion will be denied without prejudice.

3/14/13
Date

William D. Quarles, Jr.
United States District Judge