IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| ISAIAH BEN'YAHSHU BEN'ISRAEL, | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-11-0257 |
| GLOBAL MANAGEMENT SOLUTIONS, INC., *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Isaiah Ben'Israel[1] sued Global Management Solutions, Inc. ("GMS"), General Growth Properties ("GGP"), and Roger Setzer for employment discrimination.  Pending are Ben'Israel's motions to join a plaintiff, for appointment of counsel, and to change the plaintiff to the administrator of Ben'Israel's estate.  No hearing is necessary.  *See* Local Rule 105.6.  For the following reasons, the motion to join will be denied.  The motion for appointment of counsel will be denied without prejudice, and the motion to change the plaintiff will be granted.

I.   Background[2]

Ben'Israel, an African-American male, was hired on July 22, 2008, by GMS as a maintenance technician at the Laurel Commons (the "Mall").  ECF No. 38-1 ¶¶ 7, 41.  General Growth

---

[1] The Plaintiff died on March 14, 2014 in a car accident.

[2] The facts are drawn from the amended complaint.  ECF No. 38-1.

Management, Inc. ("GGMI") managed the Mall and contracted GMS to provide facilities services.  *Id.* ¶¶ 7-8.

In mid-September 2008, Jose Oscar Andrade, a GMS employee, showed Ben'Israel an email that Setzer, a GGMI employee,[3] had sent GMS's vice president Steven Gaydosz.  *Id.* ¶¶ 9, 20, 22. The email stated that although Ben'Israel was "a good worker, honest, trustworthy. . . . I don't think [he] is the right face for the mall's 2009 renovations."  *Id.* ¶ 23.  Andrade told Ben'Israel, "I think maybe you ought to start looking for another job because I don't think [Setzer] thinks you are the right color for the job."  *Id.* ¶ 22.

Ben'Israel asked Gaydosz whether there were any positions open in the Atlanta, Georgia, area.  *Id.* ¶ 25.  Gaydosz said that GMS "would likely have an opening" for a position in Macon, Georgia, and asked Ben'Israel if he would like to go there.  *Id.* ¶ 26.  Ben'Israel indicated that he would.  *Id.* ¶ 27.

On December 1, 2008, Setzer told Ben'Israel that the manager of the Mall wanted him to remove his tools by the next evening.  *Id.* ¶ 30.  Ben'Israel informed Gaydosz, who responded that he "was tired of the Mall management officials," and

---

[3] The amended complaint alleges that Setzer was simultaneously employed by GGP and GGMI, but Ben'Israel has conceded that only GGMI was Setzer's employer.  *See infra* Part II.A.3; ECF No. 67-16 at 8-9 (Court's memorandum opinion annotated by Ben'Israel).

planned to terminate GMS's maintenance contract with the Mall. *Id.* ¶ 31.

Gaydosz then asked Ben'Israel to resign until his relocation to Macon; Ben'Israel agreed. *Id.* ¶¶ 32-33. Ben'Israel did not return to get his tools the next day, but on December 8, 2012, he went to retrieve them. *Id.* ¶ 34. There, he met a white male who claimed to be the "new maintenance technician" for the Mall. *Id.* ¶ 34.

Ben'Israel called Gaydosz and inquired why he had asked Ben'Israel to resign and said that GMS was terminating the contract when it had not. *Id.* ¶ 35. Gaydosz refused to respond. *Id.* Ben'Israel sought unemployment benefits, but was denied because GMS claimed that he had voluntarily resigned. *Id.* ¶ 36.

On January 28, 2011, Ben'Israel sued GMS, GGP, and Setzer,[4] under Title VII of the Civil Rights Act of 1964,[5] and 42 U.S.C. § 1981. ECF No. 1. On March 24, 2011, GMS answered. ECF No. 8.

On April 22, 2011, GGP and Setzer moved to dismiss the claims against them. ECF No. 11. On May 6, 2011, Ben'Israel sought appointment of counsel. ECF No. 16. On May 12, 2011, the Court denied the motion without prejudice, noting that

---

[4] Ben'Israel also sued David Ayre, who was voluntarily dismissed. *See* ECF No. 33.

[5] 42 U.S.C. §§ 2000e *et seq.*

Ben'Israel's case was not sufficiently complex to require an
employment attorney. ECF No. 17. On August 23, 2011,
Ben'Israel moved to amend his complaint, conceding that GGMI,
not GGP, was Setzer's employer. ECF No. 21.

On October 5, 2011, Laurence Kaye, Esquire, appeared pro
bono for Ben'Israel, "to assist [Ben'Israel] by way of amendment
or other filing with the Court; and take steps to make certain
that [his] case is put into a framework which will be better
manageable for [him]." ECF No. 23. On January 12, 2012, the
Court dismissed the claims against GGP and the Title VII claim
against Setzer. ECF No. 30.

On March 26, 2012, Ben'Israel moved to amend his complaint;
the proposed amended complaint realleged the § 1981 claim
against GGP, and added a § 1981 claim against GGMI and a fraud
claim against GMS. ECF No. 38-1. On May 4, 2012, the Court
stayed the pending deadlines for a settlement conference. ECF
No. 46. On June 27, 2012, Kaye withdrew his representation at
Ben'Israel's request. ECF No. 50. On September 11, 2012, the
settlement attempt was unsuccessful. On September 27, 2012, the
Court lifted the stay. ECF No. 62. On December 13, 2012,
Ben'Israel again sought appointment of counsel. ECF No. 66.

On March 14, 2013, the Court denied Ben'Israel's motion to
appoint counsel because the case was not complex, Ben'Israel had
the assistance of Kaye for a period, and the case had survived a

4

motion to dismiss.  ECF Nos. 79-80.  The Court also granted
Ben'Israel's motion to amend to add a fraud claim against Global
Management.  *Id.*  On September 10, 2013, the Court referred the
case to Magistrate Judge Stephanie A. Gallagher for discovery.
ECF No. 104.

On October 2, 2013, Ben'Israel moved to join Milton Suggs
as a plaintiff.  ECF No. 106.  Suggs was a former Maintenance
Technician who "was terminated from his job with Global
Management [] under the misrepresentation by his employer that
it was terminating the maintenance contract with Laurel Mall
when it hired . . . Ben'Israel[] the same day."  *Id.* at 1.  On
October 21, 2013, the Defendants opposed the motion.  ECF No.
109.  On November 8, 2013, Ben'Israel replied.  ECF No. 111.  On
December 5, 2013, Ben'Israel again moved for appointment of
counsel.  ECF No. 113.

On February 21, 2014, the parties filed a consent motion to
stay the case.  ECF No. 120.  On February 24, 2014, the Court
granted the consent motion.  ECF No. 121.

On March 14, 2014, Ben'Israel was killed in a car accident.
ECF No. 123.  Ben'Israel's wife, Chiquita Ben'Israel moved for
the Court to substitute her, as administrator of the estate, as
the plaintiff.  *Id.*  The Defendants did not oppose the motion
"so long as she [was] confirmed as the administratrix of the
estate."  ECF No. 126.  On July 23, 2014, the Court ordered

Chiquita Ben'Israel to submit documentation that she was administrator of the estate.  ECF No. 127.  On July 29, 2014, Chiquita Ben'Israel submitted that documentation.  ECF No. 128.

II.  Analysis

A.  Motion to Join a Plaintiff

1.  Legal Standard

"[A] court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)."  *Hinson v. Norwest Fin. S.C. Inc.*, 239 F.3d 611, 618 (4th Cir. 2001).

Because more than 21 days have passed since the defendants moved to dismiss and filed answers, Ben'Israel may amend his complaint only if the defendants consent or with the Court's permission.  Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010).  Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires.  Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or reward the movant's bad faith.  *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Under Federal Rule of Civil Procedure 20(a), a plaintiff may join another plaintiff in one action if he "assert[s] any

right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all plaintiffs will arise in the action." "Rule 20 gives courts wide discretion concerning the permissive joinder of parties, and 'should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (quoting *Saval v. BL, Ltd.,* 710 F.2d 1027, 1031 (4th Cir.1983). However, a court should not permit joinder if doing so "will result in prejudice, expense, or delay." *Id.* (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 (3d ed. 2001)).

   2.   Joining Suggs

Ben'Israel's motion to join Suggs is only a paragraph long, stating that joinder was proper because Suggs was a former Maintenance Technician who "was terminated from his job with Global Management [] under the misrepresentation by his employer that it was terminating the maintenance contract with Laurel Mall when it hired . . . Ben'Israel[] the same day." ECF No. 106 at 1. The Defendants opposed the motion, arguing that Ben'Israel "failed to offer any evidence, or to file an amended

complaint, asserting or otherwise providing . . . any basis to
conclude that [] Suggs's putative claims [arose] out of the same
transaction or occurrence . . . or that a common question of law
or fact exists . . . ."  ECF No. 109 at 1-2.  In his reply,
Ben'Israel asserted that "it is evident that the plaintiff's
hiring and Milton Suggs' termination was transacted out of the
same occurrence" because they occurred on the same day, and
Suggs was terminated under false pretenses.  ECF No. 111 at 1-2.
Further, Ben'Israel argued that an amended complaint was not
necessary because the facts supporting Suggs's claims were
already in the amended complaint.  *Id.*

There are not enough facts alleged for the Court to determine
if Suggs's termination arose out of the same transaction or
occurrence.  Ben'Israel's employment discrimination claims are
based on race; however, Ben'Israel had asserted that Suggs's
should be joined because Suggs was fired on the day Ben'Israel was
hired, and the Defendants "misrepresented" when Suggs was fired.
ECF Nos. 106 at 1-2; 111 at 1-2.  These conclusionary statements
are insufficient to support joinder.  *Cf. Coughlin v. Rogers*, 130
F.3d 1348, 1351 (9th Cir. 1997); *Deskovic v. City of Peekskill*,
673 F. Supp. 2d 154, 160-64 (S.D.N.Y. 2009).

Accordingly, the Court will deny Ben'Israel's motion to
join an additional plaintiff.

B.    Appointment of Counsel

Ben'Israel again sought appointment of counsel. ECF No. 113. Ben'Israel argued that counsel is necessary because the Defendants' counsel had tried to pressure him into settlement and colluded with the police to bring criminal charges against Ben'Israel and his wife. *Id*.

Counsel may be appointed when an indigent plaintiff presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Whether such circumstances exist in any particular case rests on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. District Court*, 490 U.S. 296 (1989). The existence of exceptional circumstances "[w]ill turn on the quality of two basic factors--the type and complexity of the case, and the abilities of the individuals." *Id*.

As the Court noted in Ben'Israel's prior two motions for appointment of counsel, his employment discrimination claims "do not involve complex issues for review." ECF No. 17 at 2; *see also* ECF No. 79 at 8-9. Since the Court denied Ben'Israel's last motion for appointment of counsel, there have been no additional claims or parties.

Further, there is no indication that Ben'Israel's successor will be incapable of handling this case.  Although the Court sympathized with Ben'Israel over his other legal difficulties, the Court has seen no evidence that the Defendants' counsel was in any way involved in instigating the criminal action. Accordingly, the motion will be denied without prejudice.

C. Substituting the Plaintiff

The Court expresses its sympathy to Chiquita Ben'Israel and her family on her husband's death.  Because Chiquita Ben'Israel submitted proper documentation that she is the administrator of her husband's estate,[6] and the Defendants do not oppose the motion,[7] the Court will grant Chiquita Ben'Israel's motion to substitute Ben'Israel's estate as the plaintiff.

III. Conclusion

For the reasons stated above, the motion to join will be denied.  The motion for appointment of counsel will be denied without prejudice, and the motion to change the plaintiff will be granted.

_11/18/14_____
Date

_____
William D. Quarles, Jr.
United States District Judge

_____

[6] ECF No. 128 at 2.

[7] ECF No. 126 at 1-2.

10